FILED - USDC -NH
2022 MAY 9 PM 2:31

## NOTICE OF CLAIM OF DEPRIVATION(S) OF RIGHTS UNDER COLOR OF LAW

## IN THE UNITED STATES DISTRICT COURT OF THE STATE OF NEW HAMPSHIRE
~~IN AND FOR THE COUNTY OF BELKNAP~~ RSC
~~26 Academy St, Laconia, NH, 03246 = courts.state.nh.us~~

Randall Collier,
Plaintiff,
v.
Judge James M. Carrol,
Judge Michael Garner,
N.H. J.C.C.,
Hillary C. May,
Defendant(s)

22-cv-162-LM

### CIVIL COMPLAINT:

**Case Number:** _____   (to be filled in by Court Clerk)

**Jury Trial Demanded:   Yes or No** _____   (Circle Yes or No)

**Regarding Case Number 650-2013-DV-00016:**
 **IN THE STATE OF NEW HAMPSHIRE,**
**4TH CIRCUIT FAMILY COURT - COUNTY OF LACONIA,**
**HILLARY CATHERINE MAY (Plaintiff), v. RANDALL COLLIER (Defendant).**

### PARTIES, JURISDICTION, AND VENUE:

 1. Plaintiff is a Citizen of these United States of America and resides in the State of New
Hampshire, in Cheshire County, Town of Surry;

 2. Defendant(s) include Hillary May who did reside in Belknap County, City of Laconia, in the State of New
Hampshire at the time of the previous court orders mentioned herein, but (for purposes of this suit, this Courts
"Diversity Jurisdiction", and their liability, including violations of Federal Law as alleged herein) currently
resides in the City of Raleigh, North Carolina;

 3. Defendant(s) include Judge James M. Carrol who ordered said "court order(s) for a 'domestic
violence' 'protective order' and 'sole-decision making responsibility' for the mother only" on
2/3/2013 (and possibly other actions or inactions, to be determined);

 4. Defendant(s) also include Judge Michael Garner, for presiding over said Case 650-2013-DV-00016.;

 5. Defendant(s) may also include New Hampshire Judicial Conduct Committee for failing their duty to act
properly in response to Three (3) Judicial Conduct Complaints in said N.H. Court Case(s): JC 20 031 G, JC 14
0313 G, JC 17 057 G;

### INTRODUCTION:

 6. **NOW COMES Plaintiff Randall Collier ('Pro Se' 'Representing' self), to move this court to correct the
previous court order(s) issuing a "Protective Order"** (In N.H. Case:  2013-DV-00016, 4th Circuit Court,
District Division, Laconia, New Hampshire, "In the Matter of Hillary May and Randall S. Collier") which was

based upon allegations of "domestic violence", "abuse", "harassment"[111] and/or "threatening"[115], but without "due process of law"[5] such as "probable cause"[3] and "criminal prosecution"[3,4], because such orders are clearly "to the Contrary"[6] of "fundamental principles"[Az.Const] of "the common law"[US.Const.Amend.7] and "the supreme Law of the Land"[US.Const.Art.6] as explained herein, and clearly not in the Child's (T.C.) best interests (which is supposed to be the primary purpose of this court), as explained herein for the following reason(s), and to move this court to provide other appropriate remedy for damages or harm caused as a result of previous unconstitutional Court Orders (as outlined herein).

7. As stated in a previous Motion to Dismiss this Court Case indicated herein, there were "Eight (8) reasons why previous court order(s) for a "domestic violence" "protective order" and "sole decision-making responsibility" for the mother only, are not Constitutional". Therefore said "orders" are not valid or "Lawful" to "make or enforce"[US.Const.Amend.14], and herein we add one more reason and re-order them to make the now Nine (9) Reasons more clear.

8. For these reasons this court may be liable for causing and/or any future failure to stop such "deprivations of rights under color of law"[6] as described herein, unless this Judge can explain on the public record why these alleged reasons are incorrect, why said previous court orders are not "unconstitutional" and thus "unlawful" as alleged herein. Therefore by neither stopping the allegedly and clearly unlawful previous court orders, nor explaining why the allegations of being unconstitutional are incorrect, then this judge could become complicit and liable in the same unlawful acts (and possibly other civil and/or criminal charges, etc.), because:

9. The primary "duty" of any "Judge" or "Public Servant" in these United States of America is to "establish Justice... and secure the Blessings of Liberty to ourselves and our Posterity" (See Preamble, US.Const), which is essentially the only real purpose of "Government" and "Law" (See N.H. Const.Art.1,Sec.3), "and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution" and only "Laws... made in Pursuance thereof" above all, (US.Const.Art.6), and to "bear faith and true allegiance to the United States of America and the State of New Hampshire, and [to] support the Constitution thereof." (N.H.Const.2nd Part,Art.84. -https://www.nh.gov/glance/oaths.htm) ; (See attached "SOURCES OF AUTHORITY...").

10. Therefore protecting equal Human Liberty to Pursue Happiness is the only real Purpose of Government and Law[1] (US & State Constitutions & Declaration of Independence), and these "rights"[2] include owning property and land, free travel, fair exchanges, common practices (See US.Supr.Ct. 'Precedents' on each subject in attached "SOURCES OF AUTHORITY"), "Liberty" in general ("Life, Liberty and the pursuit of Happiness" -Decl.of.Ind.), and privacy from all "searches and seizures"[3] unless there is "probable cause, supported by Oath or affirmation" (US.Const.Amend.4), to accuse the "Defendant" of an actual "crime"[4] against the equal individual rights of another Human being, by "intent or inexcusable neglect"[4] (US.Supr.Ct.), and in violation of valid Criminal "Law of the Land" (US.Const.Art.6. & Amend.4,6,14 & US.Supr.Ct. See attached "SOURCES OF AUTHORITY" on 3 "elements" to a "crime"[4]).

11. Therefore to "make or enforce" (US.Const.Amend.14) "any Thing... to the Contrary" (US.Const.Art.6) is a "deprivation of rights under color of law"[6] which is an actual federal "crime" (See USC 18-241 &242) and a civil liability to even "neglect to prevent" (see USC 42-1986, &1983 to 1988) once one "reasonably should know" (US.Supr.Ct. On "probable cause")[3], in violation of the oath and contract to defend "the supreme Law of the Land"(US.Const.Art.6) "against all enemies, foreign and domestic" (Oath for Army and many other Public Servants in US and 50 States), including "taxes" on owning land and payment for labor[14], and "licenses" for any "common practice"[13] like law and medicine as well as to travel on public roads[11] (not including to "drive" "people or property for hire" when it legitimately requires a "CDL" -in order to protect the 'rights' of 'We the People' who pay for and own them), and basically all harmless civil and criminal "offenses"[4], and especially any violations of "due process of law"[5] as explained herein (See attached "SOURCES OF AUTHORITY" for each of these points).;

## GENERAL CLAIMS, RELEVANT FACTS, EVIDENCE, ETC.

12. **Plaintiff makes the following specific charges. HERE ARE Nine (9) reasons why previous court order(s) for a "domestic violence" "protective order" and "sole decision-making responsibility" for the mother only, are not Constitutional:**

13. **CLAIM (1): For issuing and/or enforcing an unconstitutional "Domestic Violence" "Protective Order"**[104] **without "probable"**[A.6] **evidence of any actual threat of "abuse", "threatening" or "harassment" as required by the "Law of the Land"**, despite the specific requirements in the relevant New Hampshire State law: Title XII, Chapter 173-B, "Protection of Persons from Domestic Violence" (see 173-B:1 Definitions)[105], therefore that is a "**Deprivation of rights under color of law**"[102], a "color of law abuse"[122], Wrongful Conviction/Prosecution[103], "Miscarriage of Justice[103]", etc., due to these violation(s) of "due process of law"[A.5], such as "probable cause"[A.6] as required for all "searches and seizures" and "criminal prosecutions" under "the supreme Law of the Land"[A], especially Amendments 4-7 and 14, and U.S. Supreme Court "Precedents"[G] on "Corpus Delicti" and Three (3) "elements" to a "crime"[4].

14. And these two charges ("harassment", "threatening") even if they were lawful and prosecuted criminally, still do not relate directly to any harm or threat of any kind to the Child directly, and the "best interest of the Child" are supposed to be the only "lawful" reasons for this entire "Family Court" case. Therefore there never was any "probable cause" to show any threat to the Child's "best interests" making all Orders based upon said allegations "unconstitutional" and thus "unlawful" to "make or enforce" or even "neglect to prevent".

15. See attached Reference [128], where in this New Jersey Supreme Court case decided September 27, 2021, they clearly explain how these "Family Courts" cannot lawfully shift the "burden of proof" to a parent to prove they did not commit the "offense" (such as "abuse" in this case) in order to justify infringing the rights of that parent over their child.;

16. As stated in a Motion prepared in 2015 by "BIANCO PROFESSIONAL ASSOCIATION - ATTORNEYS AT LAW", "18 CENTRE STREET - CONCORD, NEW HAMPSHIRE 03301 – 602-225-7170", on "Page 3 of 5": "Ultimately, mere supposition should not be used to deprive a parent of his or her constitutionally protected parental rights-and in fact a conclusion that contains or consists of suppositions or speculation is indicative of the fact that the necessary burden of proof has not been sustained.";

17. **CLAIM (2):** Deprivations of rights to "due process of law"[A.5] by **charging Mr. Collier for "Criminal Threatening"[115] just for an attempted 'stare down' (In return) at the opposing Parties Counsel** ("Petitioner's counsel as the counsel was at the podium and the Respondent stood within inches"-Judge James M. Carrol Order on 2.4.2013) in open court[116], without "probable"[A.6] evidence of any actual "threat"[G] of "imminent bodily injury or physical contact"[115] as required by "the supreme Law of the Land" ("probable cause", 4th Amend., "common law")[A] and the relevant N.H. State Law RSA 631:4.[115]. "We were not inches away from each other nor was I standing at the podium as the court noted."-Randall Collier.;

18. **CLAIM (3):** Deprivations of rights to "due process of law"[A.5] for the **judge denying access to video surveillance tapes from the court regarding the charge of "criminal threatening"**[117], for 2 years in a row (denying motions for "discovery" of evidence to defend against charges of "criminal threatening". Videos which are likely deleted since shortly after the incident according to a court clerk[118]). "The essential elements of due process are notice and opportunity to defend" ones self. US.Supreme Ct., Simon v. Craft, 182 U.S. 427 (1901), https://supreme.justia.com/cases/federal/us/118/425/;

19. **CLAIM (4): For finding this Plaintiff (Randall Collier) guilty of 'harassment' contrary to evidence**, such as the Judges own findings on 1/27/2013, and on 2/4/13 after petitioner (Hillary May) testified about

"respondent [Randall Collier] texting her with  intent to intimidate, to control, and to interfere with the Petitioner's ability to maintain her responsibilities of teaching"[101], in a hearing dated 1/24/13, when in an order on 1/27/13 the judge noted in the order after hearing on emergency relief on page 3 that: "in conjunction with the DVP she submitted at the same time in this hearing she attached <u>a series of text messages between Mr. Collier and Ms. May. The text messages reflect relationship issues. They continued to communicate with each other in generally healthy ways with some success.</u> Despite the rambling nature of the text messages, there are <u>no concrete threats from Mr. Collier towards Ms. May or towards T.C.. The text messages appear to increase in frequency and animosity as his frustration mounts from being out of the residence and not seeing T.C.</u>" [110, order on 1/27/13], <u>which this court noted on record were for the purpose of communicating with his Son making this a violation of that Parental right [see the file: "2022 1237 corrections.pdf" about the 2/4/13 hearing, one paragraph long, below*].</u> "Harassment" according to RSA 644:4 requires that a person: "...(a) Makes a telephone call, whether or not a conversation ensues, with no legitimate communicative purpose or without disclosing his or her identity and with a purpose to annoy, abuse, threaten, or alarm another; or (b) Makes repeated communications at extremely inconvenient hours or in offensively coarse language with a purpose to annoy or alarm another; or (c) Insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response; ...".   Furthermore at the time of this incident (and until 2015 or 2016) this Threatening law (RSA 644:4) stated "A person is guilty of a misdemeanor [Harassment].. if such person... (f) With the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose of constitutionally protected." And clearly this courts previous orders and existing laws make this clearly a violation of the parental right for Mr. Collier to have contact with his Son so as to "ensure that T.C. does not lose memory of his good relationship with his father" (as stated by the Court on 4.4.2013, "Order on Pending Motions", Judge James M. Carroll, NH.4th.Cir.Ct.Laconia, Belknap County);

20. And this allegation was used to justify this "Protective Order", based upon an accusation of "harassment"[111], without any actual "probable"[A.7] evidence or proper "criminal prosecution"[A.7] of any actual "crime"[G] such as "abuse" as required by N.H. Law for "protective orders"[105] such as this. The Judge said communication increased with frequency and animosity about not seeing his son, then found Mr. Collier for "harassment", however no phone records from her Verizon carrier were submitted to the courts record. Hand typed communications do not constitute "lawful" "evidence", only "hearsay".;

21. **\*=2/4/13 Order.** A Domestic Violence Temporary Order was granted on 1/24/13. Respondent (Mr. Collier) was served with no contact letter from her (Hillary May's) attorney, and the respondent nearly immediately failed to abide by the mutual agreement. The Petitioner (Ms May) testified that the respondent (Mr Collier) was texting her with intent to intimidate control and interfere with her abilities of teaching. The 2/4/2013 Order States: "The Court finds that the Respondent's ongoing pattern of behavior reasonably has caused the Petitioner to fear for her safety and her wellbeing as well as the child's and creates a present credible threat to the Petitioner's safety. The Respondent's acts satisfies the elements of Harassment as defined by RSA 644:4 and Criminal Threatening as defined in RSA 631:4.", "Date: February 4, 2013", signed by "Judge James Carroll".;

22. **CLAIM (5):  For accepting the opinions and claims of the mother and her family over that of the father in a biased/prejudiced way towards the Mother and against the Father**[106]. As the court noted Ms. May's testimony is supported only by her family's letters, thus only by opinions.  Therefore these are deprivations of rights to "due process of law"[A], for acting "to the Contrary" of these "fundamental principles"[B] of "due process of law"[A].  For example claims by Ms. May that Mr. Collier brought a gun into her home without telling her[107] when there is no evidence of this and the officer who escorted him out reported no weapons in the home[108], casting doubt upon her testimony and allegations.;

23. **CLAIM (6):**  Deprivations of **equal** rights to "due process of law"[A] by accepting the opinions and claims of the mother and her family, such as letters from Mrs. May's family, as "evidence" **without allowing the Father the ability to "Cross Examine" the "Witness(s)"**[112], clearly acting "to the Contrary" of these "fundamental principles"[B] of "due process of law"[A] which require **equal** ability to "Cross Examine"

Witnesses[113];

24. **CLAIM (7):** Deprivations of rights to "due process of law"[A] by **using Posts on Facebook as "evidence" to perpetuate this clearly unlawful "Protective Order"**[114], acting "to the Contrary"[A] of these "fundamental principles"[B] of "due process of law"[A] in the N.H. State Law (i.e. 173B)[105] and "the supreme Law of the Land" (i.e. Amend.4,5,6,14,etc.)[A] which requires "probable" evidence[A] of "abuse"[105] (which must be an actual "crime" according to these "fundamental principles") for any such "searches or seizures" or "criminal prosecutions"[A] or to in any other way "infringe"[A] ones basic "rights" to "Life, Liberty, and the Pursuit of Happiness"[C]. ; Also this N.H. State law is from "TITLE XII: PUBLIC SAFETY AND WELFARE" which "Includes Chapters 153 - 174", not the "Criminal Code" here: "TITLE LXII: CRIMINAL CODE" which "Includes Chapters 625 – 651-F", therefore making this a "colorable law" "to the Contrary" of "the supreme Law". - http://www.gencourt.state.nh.us/rsa/html/NHTOC/NHTOC-LXII.htm ;

25. So, this N.H. Law for "protective orders" requires "a showing of abuse of the plaintiff by a preponderance of the evidence", which by definition means "there is a greater than 50% chance that the claim is true." [law.cornell.edu/wex/preponderance_of_the_evidence], which is obviously the same "standard of evidence" as "probable cause" which "the supreme Law of the Land" (Amend.4 and U.S.Supr.Ct. "Precedents") requires for **ALL** "searches and seizures" and "In all criminal prosecutions"[A.7][US.Const.Amend.4&6], and because this State law requires evidence of "abuse", in other words an actual "crime", therefore the requirements for issuing one of these "protective orders" under this N.H. State law must inherently be the same requirements for "criminal prosecutions" called "probable cause", and furthermore if there is enough evidence of an actual "crime" and this court does not prosecute it than this court commits an actual "crime" such as "misprision" or "obstruction" or "miscarriage of justice", possibly even "treason to the Constitution", just like the US Supreme Court has stated in the past:

26. "It is most true that this Court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution.** ..." [Cohens v. Virginia[127], 19 U.S. 264 (1821), https://supreme.justia.com/cases/federal/us/19/264/];

27. **CLAIM (8):  The judge intersecting law with medicine when the judge said details of the case weren't discussed in the psychiatric evaluation thus its not valid for objective review for modification** [121]. The 2017 Comprehensive Psychiatric Evaluation noted no concerns from a psychiatric perspective, testing within normal limits, no recommended treatment. This Court noted on 8/24/17 Mr. Collier submitted a psychiatric evaluation which based on his self report, finds no current need for treatment. It doesn't appear details of the case were discussed with the evaluator, thus, Mr. Collier's presentation is self authenticating and is no substitute for an objective review of what has actually occurred during the case. (See * Below)
28. (a) This is an infringement of rights to privacy without "due process" of "probable cause" and "criminal prosecution", which is required for all "searches and seizures" such as this;
29. (b) This is an opinion of a judge being used to justify this unlawful supervised visit restriction which seems clearly "inexcusable neglect" of the primary "duty" of any "Judge" to actually "establish Justice" when there is evidence of "Unconstitutional" acts such as these alleged herein. This response constitutes a failure to fulfill this Judges primary Contractual and Constitutional Obligation(s) to insure there are not violations of "the supreme Law of the Land" once alleged as in this case;
30. (c) Maintaining his "memory of his good relationship with his father" also is not sufficient "evidence" for "probable cause" to justify any such "searches [or] seizures" such as this infringement of Mr. Colliers equal Parenting Rights over his biological son (T.C.). ("In this context, it is even more important that Mr. Collier begin to have supervised visits with T.C., for at least three reasons: 1) it will ensure that T.C. does not lose memory of his good relationship with his father" -Judge Carroll, Garner, Order on Pending Motions, 4.4.2013);
31. *=Note the legal definitions of comprehensive and self reporting are different, thus proving this is a bias

finding. If the original orders in 2013 were 'speculative' in nature only (quoting Judge James M. Carroll, Court Order on 2.24.2013), then professional medical findings supersede unprofessional opinions or speculations (like that of this Judge). This Judge also noted Mr. Collier was confused about who caused the breakup, and here we would just add a judge can not have medical findings without a medical license, and confusion was not found on Mr. Colliers original psychological evaluation. Thus proving once again a bias finding.  It seems these points need to be addressed upfront. - Some of the hypothetical orders justifying these supervised visits included but are not limited to: his sincere misguided belief his rights are being violated, the court concluded visitation should continue to be supervised, for positive reinforcement progress can be made if all parties acknowledge and cooperate to solve the issues, manage his emotions, for T.C.'s comfort, in case something might happen, so T.C. does not lose memory of his good relationship with his father, to give court incite about father son relationship. After my psychological evaluation was submitted, counseling was only recommended for no contact with son in over 77 days, a new living situation, and new employment, however, 3 months later the court noted on 8/30/13 taken along for continued counseling reflected in his own evaluation, supervision should continue to be supervised.;

32. **CLAIM (9): Denial of Due Process of law,** "essential elements of due process of law...notice and opportunity to defend", **by denying an initial "Motion to Show Cause" and a following "Motion to Reconsider" which insisted that the previous court actions violated "due process of law"**, such as "probable cause" and "Purpose of government" and three "elements" to a "crime", but without the Judge explaining how or why the allegedly unconstitutional previous court orders are not unconstitutional as alleged;

33. **CLAIM (10) Court orders are not in "the best interests of the child": Furthermore**, New Hampshire State law says: "461-A:11 Modification of Parental Rights and Responsibilities. – I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances:
34. (b) If the court finds repeated, intentional, and unwarranted interference by a parent with the residential responsibilities of the other parent, the court may order a change in the parental rights and responsibilities without the necessity of showing harm to the child, if the court determines that such change would be in accordance with the best interests of the child.
35. (c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment." -
https://law.justia.com/codes/new-hampshire/2020/title-xliii/title-461-a/section-461-a-11/

36. Now obviously not having equal parenting time with both parents is not in "the best interests of the child". And the child's Mother (Hillary May) in this case seems to be doing all she can to obstruct the Fathers ability to spend time with his Son which seems clearly not in "the best interests of the child". From denying skype and having it re-ordered, to denying 2 skypes a week, as well as returning gifts multiple years to T.C. or him not getting them until after the holidays, to trying to prevent Mr. Collier's family from speaking to T.C. about his dad (but it wasn't in bad faith the court said.), to deny time with T.C. before a court order directly violating Mr. Collier's parental rights.

37. For these reasons it is clear that any Public Servants ('Judges' etc.) who even "neglect to prevent" such a "deprivation of rights under color of law" as these previous court orders described above, are also personally liable under "the supreme Law of the Land", under federal civil and criminal laws starting with the "Constitution for the United States of America" and US Supreme Court "Precedents", and US Codes like USC 18-241 & 242 and 42-1983 & 1986 for examples.  Therefore it is required by "the supreme Law of the Land" that the previous court orders be "Modified" by this court so this Judge does not likewise become liable for continuing this "pattern or practice" of "deprivation of rights under color of law" and possibly even "treason to the Constitution"! (Quoting US.Supr.Ct. Cohens v. Virginia[127];  See USC 2381).

## SPECIFIC CHARGES / VIOLATIONS OF LAW:

**TBA:**

...

## REQUESTED RELIEF:

### WHEREFORE Plaintiff hereby requests the following relief:

The First Demand herein is for previous unconstitutional court orders to be over-ruled, and a new equal "parenting plan" be negotiated, according to the actual best interests of the Child (T.C.), according to actual evidence and "Law of the Land", instead of just opinions and hearsay and unconstitutional "colorable laws" as the Courts have done in this case up to this point;

The second demand herein is to grant in total the financial remedy due to the duration of 9 years of abuse by the court, and continued emotional damage to T.C. and Randall, due to incompetence of the Judge(s) and Court(s) to fulfill their duty (as outlined by "the supreme Law of the Land" cited herein);

Punitive Damages:

$500/day x 365days/yr x 9.5yrs = 1,642,500.00 This is 500 dollars a day for taking me away from his life without the ability to have any physical contact or voice contact at any time.

$190/avg x 52 wks/yr x 9/yrs = $88,920 child support unlawfully ordered;

$10,000.00 Attorney fees unlawfully ordered;

$ 1,000,000.00 each Due Process violation

$1,000,000.00 due to the courts denial of a 2015 motion noting burden of proof wasn't met to remove parental rights.

Total Punitive damages requested tax free and in full ; $11,741,420.00


A "Written statement from all parties listed as defendants to both father and son that they were wrong by taking me away from him and putting these huge burdons on both of us and our relationship.

## SIGNATURE, STATEMENT OF TRUTH, NOTARY SECTION:

I hereby declare under penalty of perjury the foregoing is true to the best of my knowledge,

_Randall S Collier_    4|9|2022

[Signature, Printed Name of Claimant, Date Signed]

26 Joslin Rd Surry, NH 03431    603 803 2648

## NOTARY STAMP & SIGNATURE, ACKNOWLEDGMENT:

Subscribed and affirmed to before me, _Randall S Collier_ , a

Notary Public, this _9_ day of _May_ , _2022_ , that the above-named man/woman

did appear before me, and proved to be the man/woman executing this document.

Notary Public, Signature, Printed Name, and Stamp:

My commission expires: _____

Lori-Ann Chateauneuf
STATE OF
MY COMMISSION EXPIRES
October 17, 2023
2013
NEW HAMPSHIRE
NOTARY PUBLIC

## REFERENCES/"SOURCES OF AUTHORITY":
(SEE ATTACHED "SOURCES OF AUTHORITY")

...