## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE :

**Mr. Randall S. Collier,**           )
                                      )
       **Plaintiff.**           )
                                      )
**v.**                                )
                                      )   Case No. **22-cv-00162-LM**
**James M. Carroll, et al.,**         )
                                      )
       **Defendant(s).**        )

## PLAINTIFF'S MOTION TO OBJECT TO EXTENDING TIME FOR DEFENDANT(S) TO RESPOND TO INITIAL CIVIL SUIT (Civil Case: 22-cv-00162-LM, US Dist.Ct.of N.H.):

**COMES NOW** Plaintiff, Mr. Randall S. Collier, and makes the following request(s):

1) The Motion to extend time to reply to Mr. Randall Collier's Civil suit should not be granted, because the "Defendant's" are three "Judges" and the excuse for not responding after 60 days is the lawyer they hired has been too busy with other cases, therefore, for this United States District Court Judge to allow them further time to respond would be a disgrace to our system of justice, as this motion to extend time seems like a further example of "lack of due diligence" on the part of "Defendant's", who as "Judges" certainly should have done something after several weeks of no response from the "Lawyer" they hired to represent them, and is only therefore a further example of the incompetence of these judges hereby being sued in this lawsuit for their "inexcusable neglect" to fulfill their "duty" of "due diligence" to "establish Justice" and "secure the Blessings of Liberty to ourselves and our Posterity".

2) After 60 days it seems ridiculous that this court should grant any further time for these Defendant's to reply to this Plaintiff's Civil Suit, and it seems like a further example of the incompetence of these defendants to fulfill their contractual obligations to actually support and defend the supreme Law of the Land against all enemies, foreign and domestic, and seems to this Plaintiff that for this court to aid to further extend the time for these Defendants to reply to this Plaintiffs Suit, would be the same as to aid and abet such violations of the rights and wellbeing of the Father and Son relationship which this case is centered on, and it seems probable evidence shows it would be a waste of the public resources to allow these defendant's to extend their time to reply, possibly even making this court liable for the same type of offenses these "Family Court Judges" are being sued for, lack of due diligence, and resulting violations of

due process, especially the most "fundamental principle" of "Law", the "Purpose of Government", which is essentially only to protect equal individual Human Rights above all, perhaps the most important of all being the rights of a parent to care for their children!

3) Furthermore **<u>the justifications for the actions of these Defendant's against this Plaintiff lacked "probable" evidence of any actual "crime" and therefore cannot possibly be 'lawful', therefore it is not possible for these Defendant's to disprove this Plaintiff's allegations of violations of due process, making it a waste of public resources to allow this extension of time</u>** for Defendant's to reply to this civil suit. As examples, justification for infringing this Plaintiffs Parental (Fathers) rights (over son T.C.) were based upon "hearsay" and "second hand hearsay" without "probable cause" for any "searches" and/or "seizures" of ANY kind to be "lawful", and a simple psychological evaluation was good enough to make "hypothetical orders" from, but on 2017 the highest level evaluation wasn't good enough to change those "hypothetical orders".

4) Therefore this court must refuse to extend time for these defendants to reply to this plaintiffs civil suit, in the interests of justice, and avoid committing the same sort of violations of their contractual lawful obligations as these "Defendant's" are being prosecuted for herein, and clearly have a "Duty" to prevent, and are liable for even "neglect to prevent" whether by "intent or inexcusable neglect".

5) As required per Local Rule of Civil Procedure Rule (7.1(a)(2)), because this Motion is not referencing any new "sources of authority" there seems no need for a "Memorandum of Law" for this Motion to Object to Extending time for Defendant's to respond to this civil suit.

**SIGNATURE, PRINTED NAME, DATE SIGNED:**

RESPECTFULLY SUBMITTED this <u>13th</u> day of <u>October,</u> 2022.

I hereby swear or affirm under penalty of perjury the foregoing is true and correct to the best of my knowledge,

_____ Randall S. Collier _____

[Certificate of Service]