FILED - USDC -NH
2022 DEC 7 PM 3:55

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE:

```
*************************************
Randall S. Collier,                  *
        Plaintiff,                   *
v.                                   *   Case No. 22-cv-00162-LM
James M. Carroll, et al.,            *
        Defendant(s).                *
*************************************
```

## Plaintiff's Response to Judicial Defendant's Motion to Dismiss, and Revised Civil Complaint (Attached):

 Defendants, Hon. James Carroll, Hon. Michael Garner, and the New Hampshire Judicial Conduct Committee (collectively, the "Judicial Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, <u>have moved</u> to dismiss plaintiff Randall S. Collier's complaint to the extent it asserts claims for relief against them.

 The Court should <u>not</u> dismiss Plaintiff's complaint against the Judicial Defendants pursuant to Civil Rule 12(b)(1) due to failure to invoke this Court's subject matter jurisdiction, because this Plaintiff can overcome such objections, and intends to do so herein, and with an attached "Revised Civil Complaint-for_Case_No.22-cv-00162-LM", and "Declaration of Unconstitutional acts, list of violations of Due Process" (And if needed a separate "References" or "Sources of Authority" also attached to this Motion in Response to Judicial Defendants Motion to dismiss…).

 Additionally, or in the alternative, dismissal should <u>not</u> be granted pursuant to Rule 12(b)(6), because Plaintiff is able to state a claim upon which relief may be granted against the Judicial Defendants, and intends to do so herein and/or in an attached Revised Civil Complaint.

 See direct responses to Judicial Defendant's arguments below, with logical arguments, relevant laws, evidence, etc..

There were four (4) Reasons these defendants (Judges, JCC, NH State, Etc) gave for this Plaintiff's charges against them to be dismissed (and in these Defendant's Response Motion they agree on all the facts in this Plaintiff's Complaint also), and here are reasons why all four are incorrect or invalid, and none of them even actually dispute any of this Plaintiff's allegations against them:

1) Judicial Defendants allege this Plaintiff's complaint did not explain clearly enough the causes of action and why this court should have jurisdiction;
**See attached list of violations alleged by this Plaintiff, and Revised Civil Complaint,** which should provide "probable" evidence for "Subject Matter Jurisdiction" both "Federal Question" and "Diversity Jurisdiction" (as these arguments affect potentially all 50 States and US Government Agencies).

2) Judicial Defendants allege this Plaintiff's complaint did not explain clearly enough what this Plaintiff wants this court to order as remedy, and why it should order so, and has jurisdiction to do so;
**See below "Request for Relief, Relief Requested" (and attached Revised Civil Complaint),** which should provide "probable" evidence and sources to justify the Relief Requested/Demanded herein.

3) Judicial Defendants claim "judicial immunity", but that cannot apply when they reasonably should know they acted contrary to basic principles of Constitutional law, as this Plaintiff is alleging Defendant's clearly did in this case, therefore that immunity cannot apply in this case;

4) And Judicial Defendants claim the State of NH has sovereign immunity from being sued even by Citizens (or citizens, common noun, both in US Const) of the same State under Amendment 11, however thanks to the 14th they are still liable for failure to defend equal individual Human rights as we are alleging the entire NH Court system basically is routinely doing in most of what they do (as well as all 50 States and most or all US Govt. agencies. All are acting "to the Contrary" of "fundamental principles" of "the supreme Law of the Land" as this Plaintiff is pointing out in this Lawsuit).

**Therefore, these "Defendant's" are not entitled to any "immunity", and this "Plaintiff" should be able to get the remedy demanded herein, and is entitled to it as a Constitutional right.**

## **WHEREFORE, this Plaintiff respectfully request that this Court do:**

1. Dismiss Judicial Defendant's motion to dismiss this Plaintiff's charges against them, according to the reasoning and evidence and Laws cited herein; and:

2. Order the relief requested by this Plaintiff, "In the Interests of Justice" (the main purpose of US Court system), and "in order to… secure the Blessings of Liberty to ourselves and our Posterity" (as those are the main reasons "We the People" "ordain and establish" "the supreme Law of the Land". -US.Const.); and/or

3. Order what seems most likely to actually "establish Justice… and secure the Blessings of Liberty to ourselves and our Posterity", according to what evidence and logic and "fundamental principles" (Az.Const) of "the supreme Law of the Land" indicate is actually "In the best interests of Justice" and equal individual Human rights.

# **Memorandum of Law, Sources of Authority, for this Motion:**

1) **Cases on Limits to State Sovereign Immunity under 14th Amend.**;
"Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), was a United States Supreme Court decision that determined that the U.S. Congress has the power to abrogate the Eleventh Amendment sovereign immunity of the states, if this is done pursuant to its Fourteenth Amendment power to enforce upon the states the guarantees of the Fourteenth Amendment.[1] "
https://en.wikipedia.org/wiki/Fitzpatrick_v._Bitzer
https://supreme.justia.com/cases/federal/us/427/445/
...
"Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005), was a United States Supreme Court decision[1] involving the jurisdiction of the federal district courts under 28 U.S.C. § 1331 (federal question jurisdiction).[2] "
https://en.wikipedia.org/wiki/Grable_%26_Sons_Metal_Products,_Inc._v._Darue_Engineering_%26_Mfg.#Majority_opinion
https://supreme.justia.com/cases/federal/us/545/308/

2) **Limits to Judicial Immunity…must be judicial act, within limits of Constitution and Oath**;
This article gives a good summary of requirements and limits for immunity for govt officials, and the Pearson case from 2009 gives these two requirements for immunity, which come from the 2001 Katz case, here:
From this article here:
https://www.law.cornell.edu/wex/qualified_immunity
"... (a) Saucier mandated, see 533 U. S., at 194, a two-step sequence for resolving government officials' qualified immunity claims: A court must decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct, id., at 201. Qualified immunity applies unless the official's conduct violated such a right. Anderson v. Creighton, 483 U. S. 635 . Pp. 5–7. "
Pearson v. Callahan, 555 U.S. 223 (2009)
https://www.law.cornell.edu/supct/html/07-751.ZS.html
Saucier v. Katz, 533 U.S. 194 (2001)
https://supreme.justia.com/cases/federal/us/533/194/
...

"Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013); see also Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (providing, "[a] primer on judicial immunity."). Judicial immunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action that, though seemingly "judicial in nature," is "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S.

... 9, 11-12 (1991) (per curiam). Summarily, "the relevant inquiry is the 'nature' and 'function' of the act, not the act itself." ..."

SO LETS LOOK AT THOSE SOURCES/CASES HERE:

"Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013)..."

https://casetext.com/case/goldstein-v-galvin

https://www.casemine.com/judgement/us/5914e1e3add7b049348ececd

"MIRELES v. WACO(1991)" https://caselaw.findlaw.com/us-supreme-court/502/9.html

"Zenon v. Guzman, 924 F.3d 611," https://casetext.com/case/zenon-v-guzman

...More sources now for this, when someone "reasonably should know" or "reasonably should have known" what they did or neglect to do is "to the Contrary" of "Law of the Land" they are "not entitled to immunity"!... Like these laws, cases, etc...

...

"For a judge's conduct to constitute a violation of a rule, the judge must have known or reasonably should have known the facts giving rise to the violation."

https://www.wicourts.gov/sc/rules/chap60.pdf

...

"The Qualified Immunity Doctrine in the Supreme Court: Judicial Activism and the Restriction of Constitutional Rights

...

See Wood, 420 U.S. at 322 (stating that an official is not immune "if he knew or reasonably should have known that the action... would violate.., constitutional rights").

...

The gov-ernment conceded the existence of settled legal principles, but claimed that qualified immunity still protected the agent unless he reasonably should have known at the time of the incident that his

particular conduct violated the Constitution.

..."

https://scholarship.law.upenn.edu/cgi/viewcontent.cgi?article=2508&context=faculty_scholarship

...

That phrase is in this case a few times also:

"Good faith exists where an official's acts did not violate clearly established rights of which the official reasonably should have known..." -murray-v-white (1991)
https://casetext.com/case/murray-v-white

...

Owens v City of Independence, that was one I remembered...

"The good faith inquiry in a § 1983 suit asks whether an official's acts violated clearly established "statutory or constitutional rights" of which the official **reasonably should have known** because § 1983 provides a remedy only for violations of federal constitutional and statutory law. See Owen v. City of Independence, 445 U.S. 622, 649 (1980) (§ 1983 requires inquiry into whether defendant "has conformed to the requirements of the Federal Constitution and statutes"); Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Qualified immunity from a state law claim does not contain the "statutory or constitutional rights" limitation because a state law claim is not so limited. Qualified immunity from tort liability will not be made to depend upon whether the tort has been codified. Accordingly, the "statutory or constitutional" limitation is not part of qualified immunity from state law claims."
https://casetext.com/case/murray-v-white

...

"reasonably should" Owen v. City of Independence, 445 U.S. 622, 635 n.14 (1980)...
https://casetext.com/case/owen-v-city-of-independence-missouri#p649

...

"We have not previously "define[d] the minimum level of involvement for liability under the integral-participant doctrine," Reynaga Hernandez, 969 F.3d at 941, but **our precedents have permitted liability in two situations: those in which (1) the defendant knows about and acquiesces in the constitutionally defective conduct as part of a common plan with those whose conduct constitutes the violation or (2) the defendant "set[s] in motion a series of acts by others which [the defendant] knows or reasonably should know would cause others to inflict the constitutional injury."** Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978); accord Buck v. City of Albuquerque, 549 F.3d 1269, 1279–80 (10th Cir. 2008); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 560–61 (1st Cir. 1989)."
SUSAN PECK, ET AL V. ANTHONY MONTOYA, ET AL 20-56413 Los Angeles District Court MILLER Civil 10/18/202
https://cdn.ca9.uscourts.gov/datastore/opinions/2022/10/18/20-56413.pdf
Btw I found that^ case citation (how do I cite the case?) here:

https://www.ca9.uscourts.gov/opinions/

3) **FRCP 23 on Class Actions**, which CAN include entire 50 States and all US Citizens;
https://www.law.cornell.edu/rules/frcp/rule_23

4) **FRCP on Subject Matter Jurisdiction, Federal Question** (incl. evidence and reasons, like we are claiming NH State Laws and practices violate US Laws, and also that US Laws need to be changed, as well as that our arguments effect everyone in the USA hence a "Class Action" involving "Diversity Jurisdiction" as well…
https://www.law.cornell.edu/rules/frcp/rule_12
28 U.S. Code § 1331 - Federal question:
https://www.law.cornell.edu/uscode/text/28/1331
28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs:
https://www.law.cornell.edu/uscode/text/28/1332

5) **Specific claims against JCC:** After explaining why Judges "reasonably should have known" they acted "to the Contrary" of "fundamental principles" of "Constitutional Law" and "the common law", violating their Oath to Defend Constitution(s) above all, and JCC reasonably should have known and stopped it as that is the purpose of their existence!

6) **FRCP/Case Precedent/USCs on What Relief CAN be granted by US Courts**, when how and why it should be granted, etc…
https://www.law.cornell.edu/wex/remedy
https://www.law.cornell.edu/wex/injunctive_relief
https://saylordotorg.github.io/text_law-for-entrepreneurs/s19-remedies.html
https://www.irglobal.com/article/four-types-of-civil-relief-when-filing-a-lawsuit/

7) **NH Local US.Dist.Ct. Rules such as 7.1(a)(2) Regarding Memorandums of Law and other Supporting Documents required for Certain Court Motions:**
https://www.nhd.uscourts.gov/local-rules-0
https://www.nhd.uscourts.gov/pdf/Combined%20LR%20Dec%202022.pdf

8) **References in judicial defendants motion regarding courts duty to construe evidence not contested by any party in light most favorable to the plaintiff (See references below):**

9) And for part of what this Plaintiff is asking for is that "injunctive" or 'declaratory relief" where the Higher court rules that the lower ones ARE violating due process (declaratory), and order them to change (injunctive). - https://www.law.cornell.edu/wex/injunctive_relief
NOTE: "... injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. ..." 42 U.S. Code § 1983 - Civil action for deprivation of rights - https://www.law.cornell.edu/uscode/text/42/1983
https://law.justia.com/constitution/us/article-3/14-congressional-limitation-of-the-injunctive-power.html

10) See: Federal Rules of Civil Procedure › TITLE III. PLEADINGS AND MOTIONS › Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
"...
(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19. ..."
https://www.law.cornell.edu/rules/frcp/rule_12

11) As these Judicial Defendants motion to dismiss states, they do not dispute any facts from this Plaintiff's Civil Complaint: "As such, where (as here) a 12(b)(1) motion is based on the facial validity of the complaint rather than a dispute of fact, "[a] court's inquiry is largely the same under both rules: the well-pleaded facts must be taken as true and viewed in the light most favorable to the plaintiff, and all reasonable inferences from those facts must be drawn in the plaintiff's favor. ...". NOTE: "... Face validity is the less rigorous method because the only process involved is reviewing the measure and making the determination of content validity is based on the face of the measure. Logical validity is a more methodical way of assessing the content validity of a measure. This

type of content validity entails having a panel of experts review the measure on specific criteria. ..." - https://www.sciencedirect.com/topics/mathematics/face-validity

---

## Concurrence:

As my Judge in this case indicated, Local Rule of Federal Civil Court Procedure 7.1(c) requires this Plaintiff to give the other party/parties ("Judicial Defendants", et al), an opportunity to settle disputes and agree to our demands ("Concurrence"), before expecting the Court to make an Order (which might over-rule the desires of one or more parties to the case. But this rule does not apply to "dispositive motions" which request no such order). That rule states:

"UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LOCAL RULES
...
III. PLEADINGS AND MOTIONS
7.1 Motions
(a) Form...
(c) Concurrence. Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought. If the moving party has obtained concurrence, a statement of concurrence shall be included in the body of the motion so the court may consider it without delay. If concurrence has been obtained, the motion shall also contain the words "assented-to" in its title. The requirements of this subsection shall not apply to motions involving an incarcerated pro se litigant."
https://www.nhd.uscourts.gov/pdf/Combined%20LR%20Dec%202022.pdf
https://www.law.cornell.edu/rules/frcp/rule_23 (Fed.Civ.Proc., Class Actions)

Therefore here is that opportunity for the Defendant(s) in this case to "Concur" with our "Request for Relief" (herein, below), or attempt to negotiate a mutually acceptable agreement upon what relief this court should order.

---

## Request for Relief, Relief Requested:

Total Punitive Damages requested:

Approximate Finances expended during the pendency of this case including but not limited to:

Child Support $90,000.00
Court Ordered Legal fees $15,000.00
Person Legal Aid $4,000.00
25 Family court hearings $4,000.00
Psychological evaluation $800.00
Psychiatric evaluations $1,200.00
Approximate total amount invested: $115,000.00

I am also requesting all Title 4D financial incentives afforded to or received by Laconia Family Court directly tied to my case. approx $90,000.00 equal to child support orders. ( Supreme Court 18 7897)

Hogan v. Cherokee County., CIVIL 1:18-cv-00096-MR-WCM (W.D.N.C. Feb. 22, 2022)
https://casetext.com/case/hogan-v-cherokee-cnty-10
Re: $300/hr for every hour without children, total amount awarded $4.6 Million Dollars

$52,900,000.00 ( NC case law $300/hr for every hour, for the duration of 10 years and counting, equals $27,300,000.00) 24 violations of Due Process at $1 million per each violation found by this court.

_____

Respectfully submitted,
By: Randall S. Gilber

On [Date]: 12/7/22

CERTIFICATE OF SERVICE
I hereby certify that a copy of the foregoing was sent on
[date]: 12/7/22 , to all counsel and/or parties of record.
By: _____

# Declaration of Unconstitutional acts, list of violations of Due Process:

Here is a Declaration of Unconstitutional Acts by the lower Family Court in Laconia County and the State of New Hampshire, against myself, and a Demand for Reinstatement of all natural Parental Rights afforded to me by the US Constitution, the Supreme Law of the Land. These Family Courts and Judges lose any "immunity" when the three required criteria of Jurisdictional authority are not fully met. Notice and Opportunity to Defend were not given as the US Constitution and "Laws made in Pursuance thereof" require.

Procedural Due Process requires that if a citizen is deprived of life, liberty, or property by the government in a legal proceeding, the person must be given proper notice, and given a chance to be heard in a court of law. The Decision or ruling must be delivered by a neutral third party. Records in my case however were destroyed and "probable" evidence of accusations made against me was not produced, and I was not afforded the opportunity to be represented by an attorney of the Law.

Anytime an individual is deprived of a constitutional right, whether it be in legal matters or in conflict with State law, the federal courts can overturn the issue because of the supremacy clause of the US Constitution. State law cannot infringe on the rights of citizens guaranteed in the bill of rights, and State law is inferior to the U.S. Constitution and only those "Laws made in Pursuance thereof" not "anything... to the Contrary".

The Supreme Court has ruled that a State has no legitimate means to grant parental rights (as done in this case, post divorce). No Divorce Judge can grant a right that is already vested in you as an inalienable right. The moment a judge asserts authority to grant parental rights, the judge creates a conflict with federal constitutional fundamental rights. No property or equity was ever involved as well as I was never wanted for legal action.

Troxel v. Granville, 530 U.S. 57 (2000), is a case in which the Supreme Court of the United States, citing a constitutional right of parents to direct the upbringing of their children, struck down a Washington State law that allowed any third party to petition state courts for child visitation rights over parental objections.[1][2] "
https://en.wikipedia.org/wiki/Troxel_v._Granville

Troxel v. Granville | US Law | LII
"...on parents' fundamental right to rear their children ..."
https://supreme.justia.com/cases/federal/us/530/57/

12/18/12 the defendant assured the court she was not threatened or intimidated to withdraw the petition.

## **Alleged Violations of Due Process:**

1/24/13 The Family Court Noting jurisdictional authority over the parties and subject matter, and the defendant upon service will be given reasonable notice and opportunity to be heard. (not legally obtained, as it didn't meet all 3 criteria.)
Violation #1

1/24/13 The Family Court implemented a Temporary of Protection that is still active today, 12 years later.

1/27/13 Order after hearing on Request for Emergency relief page 1
After hearing conducted on January 24th 2013 The court finds and rules as follows.
On December 13th 2012 Ms May filed a domestic violence petition 650 2012 dv 313 in which she alleges an increasing pattern of eccentric and obsessive behavior on Mr. Collier's part including bringing a gun into the residence and statements about intentions to take them into the woods. Ms.May was given Temporary Orders and an immediate hearing was scheduled, which was held on Dec 18th and at that hearing Ms. may through counsel withdrew the petition. During this hearing the court noted "it was assured that the petitioner was not threatened or intimidated to withdraw the petition". Mr. Collier was given a no contact letter that Ms. May wishes that you have no further communication and her desire that you have no contact with T. C. until further court orders.The Court's Order dismissing the petition was entered under a clerks date of December 20th 2012.

1/27/13 Page 3 The court noted Ms. May submitted a series of text messages between the parties and despite the nature of the text messages, there are no concrete threats from Mr. Collier either toward Ms. May or toward T.C. N do the text messages contain any inferences of taking T.C. away from Ms. May. Despite the nature of the text messages Mr. Collier's frustration mounts from being out of the residence and not seeing T.C.

1/27/13 Page 4 The court did not take the allegations in the Domestic Violence Petition into account except to note that the petition does not allege any overt threats or specific acts of violence.

NOTE:  RSA 644.4 section (f) was repealed, in 2016 or 2015:
2015: "644:4 Harassment. --
  I. A person is guilty of a misdemeanor, and subject to prosecution in the jurisdiction where the communication originated or was received, if such person:
  ... (f) With the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose or constitutionally protected. ..."
https://law.justia.com/codes/new-hampshire/2015/title-lxii/chapter-644/section-644-4/
... 2016:  "... (f) [Repealed.] ..."
https://law.justia.com/codes/new-hampshire/2016/title-lxii/chapter-644/section-644-4/

2/4/13 Page 1 The Petitioner appeared for the final hearing with counsel and the Respondent appeared pro se. Ms. May testified to texting with intent to intimidate, and harass after being told she didn't want further communications with him. The Petitioner further testified to being threatened by the defendant. The Court noted and cautioned the Respondent's attempted 'stare down' of the Petitioner's counsel as the counsel was at the podium and the Respondent stood within inches of counsel. The Court finds that the Respondent's ongoing pattern of behavior reasonably has caused the Petitioner to fear for her safety and her wellbeing as well as the child's and creates a present credible threat to the Petitioner's safety. The Respondent's acts satisfy the elements of Harassment as defined by RSA 644:4 and Criminal Threatening as defined in RSA 631:4.
Violations #2,3,4,5

The court produced 2 orders a week apart referencing the same 2hr final hearing. The preponderance of the evidence is the standard of proof in most civil cases in which the party bearing the burden of proof must present evidence which is more credible and convincing than that presented by the other party or which shows that the facts to be proven is more probable than not. Is it a credible finding by the lower court that a person is being threatened or intimidated, when they assured the court to not being threatened or intimidated?  The petitioner's allegations were not found in any of the documents she submitted. Therefore, my testimony is equally if not more credible and convincing. The court found my communication was lawful and protected as it was about not seeing T.C. The burden of proof is Ms. May brought no actual evidence of wrongdoing against me and the court had no interest in this case.Testimony contrary to the evidence does not support harassment statute, and without specific threats or acts of violence one certainly isn't a credible threat causing fear. Ongoing pattern of behavior is not defined by the court as fearful behavior with specificity and particularity committing acts of violence against mother or child.

7/23/13 The court denied motion for Discovery to Video Surveillance recordings of the criminal threat/staring incident.
Violation #6

8/30/13 Narrative on Parenting Decree page 6
Taken along with the need for continued counseling reflected in Mr. Collier's own psychological evaluation, these factors suggest that Mr. Collier's parenting time should be supervised until there is evidence that he can manage his emotions, understand other people's positions, and adequately provide a safe and healthy environment for his son. Ms. May's proposed parenting plan is somewhat complex but it has the virtue of transparent detail, and it is probably more detailed than the court might impose and this is positive because Mr. Collier will be able to understand exactly what is expected of him. Ms. May is awarded sole decision making responsibilities for T.C. because of the domestic violence order. Ms May awarded attorney fees. However on 5/5/13 counseling was recommended because of no contact with his son in over 77 days,new job and new living situation. 3 months later I received supervised visits because of other people's feelings.
Violation # 7,8,9,10

2/12/14 Denied motion for Discovery to video surveillance recordings of the criminal threat/staring incident.
Violation #11

2/25/14 Protective Order extended 1 year for writing my son a note that the court thought was for the mother.
Violation #12

2/27/15  Extending a protective order for 5 years, not properly prosecuted in a court of law, or represented by an attorney of the law.
2/27/15 Order page 2 The court and our constitutional guarantees of due process for each litigant are preserved for the parties to exercise their rights to be heard regardless of the forum or venue. The respondents actions of not responding to the courts ordered mental health counseling, his disrespect observance of the petitioners desire of sole contact though her counsel, his obsessive use of postings which are troublesome, and his affinity to firearms especially in an relationship as exemplified by the december 18 2014 posting of "every missed bullet" gives much more than conjecture for the court to base a 5 year extension. Specifically, the court finds these factors evidence a reasonable basis for the court to conclude that such conduct is good cause for further extension for 5 years as the conduct constitutes a credible present threat to the petitioner's safety and well being.
There is no direct connecting evidence of a tv sitcom picture to either party in this regard for probable cause to be ( more than likely ) that I am credible threat and much more than conjecture. Ms. May and all third party documents as well as mine that were submitted noted " Randy wants his firearm for protection" How does none related material constitute a credible threat when no actual direct ties to any of the related evidence?
Violation #13

11/8/15 order on pending motions page 3
Mr Collier's sincere but misguided belief that he is being purposely deprived of his parental rights compels the conclusion that his visits should be supervised at least for a time for there to be some clarification whether he can adequately protect T.C. from exposure to his anger about the judicial system and the specific orders already entered. Mr. Collier's behavior towards Ms. May and her counsel reflect his confusion about whether he is responsible in part for what has happened or whether he is a victim of conspiracy, this confusion may make it difficult to focus on T.C. best interest, visits should be supervised to ensure T. C. comfort, to have professional feedback, and to ensure if things go badly during a visit someone can step in and suspend it. However the court noted on page 4 " This is a lengthy period of time of significant constriction of the normal parenting relationship even for a long distance relationship begging the question whether risk warrants such an extension of time, particularly when per the parties reports the visits and calls have all gone well."
Violation # 14,15,16,17

12/18/15 Denied motion to modify

#3 overly restrictive parenting arrangement is unsustainable is a derivative of the well established principle that parental rights are natural, essential, and inherent within the meaning of part 1 art 2 NH constitution in re Devan O,, 165 NH 685 692 (2013)
#4 Fundamental liberty interest of biological and adoptive parents in the care, custody and management of their children does not evaporate simply because they have not been model parents.
#11 A conclusion that contains or consists of supposition or speculation is indicative of the fact that the necessary burden of proof has not been sustained.
However on 11/8/15 Order on Pending Motions page 4 noted " This is a lengthy period of time of significant constriction of the normal parenting relationship even for a long distance relationship begging the question whether risk warrant such an extension of time, particularly when per the parties reports the visits and calls have all gone well. "
Violation #18

2017 Interjecting Law with Medicine / intentional misinterpretation of medical documents.
"Mr. Collier submitted a psychiatric evaluation which, based on his self report, finds no need for treatment. It appears details of the case were not shared with the evaluator, thus not grounds for modification".
At no time are details of a legal case relevant in a mental health evaluation. The evaluator even noted as much when she stated "Mr. Collier tried to give details about the case but was redirected to complete the evaluation". The Heading of the medical document I submitted noted it was a Comprehensive Psychiatric Evaluation.Testing was represented by the letters WNL. Self reporting evaluations do not have testing categories.
Violation #19,20

2/18/20 A 5 yr extension of the Protective Order (allegedly having a family send my son a gift).This Protective order is still currently active until 2025.
Violation #21

11/19/21 Denied Motion to dismiss protective order based on 8 violations of Due Process. The court noted untimely
Violation #22

2/18/22 Denied Show Cause motion.
Violation #23

3/31/22 Denied Reconsideration of Show cause.
Violation #24

I have had physical contact with my son 3 times for a total of 6 hours in ten years. All skype communication with my son has been stopped by Ms. May. I am requesting this court agree with the Petitioner that an equally shared custody agreement of our biological son T.C. only be negotiated between the parents with no outside influence, or third party arbiter. This is directly due to the family court's intentional misleading, mishandling, and unlawfully interfering with our

lives without proper jurisdiction. This Innocent father/son relationship has incurred 10 long hard years with unimaginable proportions of undue pain and suffering/ mental anguish at times making communication very difficult at times as he does not know why we are continuously separated and pushed apart.

SInce there was never any equity or property ever involved, we will no longer be requested or be required to enter another family court agreement from this point forward as they have shown nothing but malfeasance and inept to following law. These unparalleled actions were an act of war against me, "We the People" by these monsters of destruction called Family Court.

I hereby request $1,000,000.00 tax free dollars for each violation of Due Process found by this court. A good faith payment within 06 hrs of notice of violations of Due Process and natural parental rights (all restored) for the sum of $250,000.00 shall be deposited into my checking account and the difference shall be deposited into my account within 90 days. An immediate private learjet with all expenses paid from Manchester NH to Raleigh NC with accommodations at a place of my choosing for a time frame of 1 month stay with transportation of my choosing upon arrival. T.C. will then be waiting at the terminal with the US Marshals Office as his chaperone for Immediate physical contact with T.C. I will then relocate and allow T.C. to stay in the same school district for the remainder of this school year. Negotiations will then begin and be finalized for relocating T.C. back to NH during the summer as he should never have been allowed to leave the state of NH away from me.

Upon contact with T.C. he will then have the ability to stay with me with no interference, for as long as he wants and return to his mothers at any time without interference for the remainder of the school year, splitting everything equally, no court orders, no child support.

A handwritten apology letter given to father and T.C. from the listed defendants before I depart for NC acknowledging that my natural born and inalienable rights guaranteed under the US Constitution was routinely and willfully violated inexcusably for the minor child's supposedly best interest. This was done with no harm, victim, or evidence of wrongdoing submitted. Without being charged with a crime in a court of law or the ability and opportunity to defend, the court by intent or inexcusable neglect caused undue and unimaginable pain and suffering to the biological father son relationship. At no time will Ms. May be afforded any rights to any settlement in this case. A formal / public investigation into the cases related to the Defendants that they preceded over for criminal intent of similar cases by the AG. A public resignation from the defendants on NH channel 9 live tv and the event with a list of violations that were found by the Federal Court. These defendants also will never be able to hold any public office ever again.

## List of NH statute violations

NH RSA 644.4 Harassment statute: A person is guilty of misdemeanor and subject to prosecution if calls with no legitimate purpose, repeated communications at extremely inconvenient hours or in course language to annoy or alarm, incite murder, assault or taunts, insults, or further communication when not for lawful purpose or constitutionally protected. The

court noted on 1/27/13 Mr. Collier's text messages were about not seeing T.C. which is an inalienable parental right making communication lawful and constitutionally protected.

NH RSA 631.4 A person is guilty of Criminal Threatening when by physical conduct places one in fear, places object or graffiti on property to terrorize, threatens to commit crimes of violence or delivery of biological or chemical to cause evacuation or use of deadly weapons.

A person is guilty of a felony if use of a deadly weapon, all other is misdemeanor

NH RSA 631.4 part III B As used in this section, terrorize means to cause alarm fright or dread by apprehension of hurt from some hostile or threatening event or manifestation.

There is no mention of apprehension on the part of Ms. May and there was no mention of a hostile or threatening event or a manifestation of one in the order on 2/4/13 justifying the order of protection.

NH RSA 2012 461 a2 procedure and jurisdiction of parental rights notes if the parties live separately, the court can make orders as to parental rights and responsibilities and support of the children.

This violates the 4th amendment of the US Constitution for illegal search and seizure of property without Due Process of Law.

NH RSA 461 a6 determining parental rights section I stated "the ability for parents to communicate and cooperate". This is only 1 of many factors the court is determining when determining the best interest of the minor child. So not meeting one out of many elements is stronger than meeting many elements and not just 1 element, only due to the unlawful protective in place actually hindering the communication needed to objectively meet the criteria. I would meet all criteria if not for the protective order given with no actual evidence of wrongdoing noted by the court.

1 provide nurture love affection and guidance
2 adequate food clothes shelter, care and safe environment
3  developmental needs are met
4 ability and disposition to positive relationship frequent continued physical written and telephonic contact with the other parent
5 support of other contact with other parent
6 ability for both parents to cooperate and communicate for joint decision making concerning the child.

The court noted on 8/30/13 page 6 "Ms.May is awarded sole decision making responsibility of T.C. because of the protective order, which effectively prevents the parties from communicating with each other, and because the court doubts Mr. Collier's present capacity to communicate with Ms. May in a civil and healthy way, given his pleadings to date".

The facts are Ms. May testified that she believes I can provide a safe home but I was distracted by external worries (see order 1/27/13 Mr. Collier's beliefs are scary to Ms. May who now doubts his capacity to provide a safe and nurturing environment for T. C. not because he lacks the ability but because he is distracted by external worries) hurting T. C. development apparatus and intervention (see 5 page DVP). There is evidence of Ms May noting she will never compromise with me and I will never get shared 5050 custody of T. C. The court also noting on 8/30/13 Order " the parenting plan is more complex than what the court might impose and this is good thing because Mr. Collier will know exactly what is expected of him".

NH RSA 461 a6, Part 3
states when determining rights under this section the court shall not apply a preference for one parent over the other.
Lets review the facts of the case
1. Medical records contradict the allegations of hurting his development
2. No inference of taking T.C. away from Ms. May in the text messages
3. Text messages were about not seeing T.C.
4. No threats or violence noted in her 5 page Domestic Violence Petition
5. The court did not meet the criteria for jurisdiction over that parties
6. Text messages did not have threats or violence.
7. Ms. May assured the court she wasn't intimidated or threatened to withdraw her petition.
8. No animal abuse noted
9. No 6 foot fully automatic gun secretly at night under a blanket into the house without telling her was ever located or found by 2 different Laconia Police Department searches of the residence.
10. Allegations of Criminal threatening and harassment by the court but never properly prosecuted.

I received 12 years protective order, still currently active, 6 years supervised visits and mental health counseling while contradicting the medical professionals findings. I have had physical contact with my son 3 times in ten years with no actual evidence of wrongdoing submitted against me.